CARMEL CERAOLO, BY HIS NEXT FRIEND, SALVATORE CERAOLO, AND SALVATORE CERAOLO, PLAINTIFFS-APPELLEES, v. FRANCESCO AND ROSINA PAOLLETO, ALSO KNOWN AS FRANK AND ROSE PAOLLILO, DE-FENDANTS-APPELLANTS.

Submitted January 18, 1938—Decided May 17, 1938.

Before Justices CASE, DONGES and PORTER.

For the plaintiffs-appellees, *Murray Greiman.*

For the defendants-appellants, *Raymond Chasan* (*Richard Doherty,* of counsel).

The opinion of the court was delivered by

PORTER, J.   The action is to recover damages for personal injuries suffered by the infant plaintiff on premises owned by the defendants arising from a breach of contract of letting between the defendants and the father of the infant plaintiff.

The father also sues for incidental damage to him because of the infant's injuries. It appears that when the contract of letting was entered into, a pane of glass in one of the windows was split and that the defendants agreed to replace it, but failed to do so. That thereafter when the infant plaintiff who resided with his father was shutting the window the said pane of glass became shattered and cut his wrist.

The plaintiffs below received a verdict, and from the judgment thereon the defendants below appeal.

It appears that upon application of the defendant a rule to show cause was granted why the judgment "should not be opened, vacated, set aside and discharged as having been improvidently entered, without jurisdiction *and without good and sufficient cause.*" The rule further provided that the granting of the rule "shall not be deemed or considered a waiver of any grounds for appeal existing in favor of the defendants or either of them." The rule was argued and duly discharged. The reasons now urged on appeal having been presented and considered below precludes this court from reviewing the questions under the doctrine of *res adjudicata* notwithstanding reservations of exceptions in the rule. *Cleary* v. *Camden,* 119 *N. J. L.* 387; *The Morris Plan Corp.* v. *Leschinsky,* 113 *Id.* 414; *Baumann* v. *The Delaware, Lackawanna and Western Railroad Co.,* 114 *Id.* 314, and cases therein cited.

Judgment is affirmed, with costs.